Todd M. Friedman (216752)
Meghan E. George (274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com

*Attorneys for Plaintiff, Jamila Springs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILA SPRINGS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT SESAME, INC., and DOES 1-10 Inclusive,<br><br>Defendant. | Case No. 2:20-cv-06014-AB-PD<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*),<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*) and,<br>(3) Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br><br>**Jury Trial Demanded** |

CLASS ACTION COMPLAINT

Plaintiff Jamila Springs ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant CREDIT SESAME, INC. (hereinafter "Defendant" or "Credit") to stop Defendant's practice of falsely advertising that their customers are pre-approved for credit cards that they are not approved for, and falsely advertising that applying for said credit cards would increase their customers credit scores, which it will not. Plaintiff seeks to obtain redress for a nationwide class of consumers ("Class Members") who were misled, within the applicable statute of limitations period, by Defendant.

2. Defendant advertised to consumers that they were pre-approved for credit cards that they were not pre-approved for, and that applying to those credit cards would increase their customers credit scores.

3. Plaintiff and others similarly situated received these advertisements by email.

4. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that they would be approved and that their credit scores would increase as a result.

5. Defendant's misrepresentations to Plaintiff and others similarly situated caused them apply for said credit cards, resulting in a credit card denial and subsequent credit score decrease.

6. Defendant took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## JURISDICTION AND VENUE

7. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

8. This matter is properly venued in the United States District Court for the Central District of California because does business within the state of California and the Central District of California and Plaintiff resides in the Central District of California.

9. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

10. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

11. Plaintiff JAMILA SPRINGS is a citizen and resident of the State of California, County of Los Angeles.

12. Defendant CREDIT SESAME, INC. is a corporation that does business in California, including in Los Angeles County, that is incorporated in Delaware and has its headquarters in California.

13. Plaintiff alleges, on information and belief, that Defendant's marketing campaign, as pertains to this matter, was created by Defendant and was disseminated throughout California and the United States.

14. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the

controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

15. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

16. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

17. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

18. In or around November 2019, Plaintiff received multiple emailed advertisements from Defendant.

19. The advertisement encouraged Plaintiff to apply for a credit card, or a loans, stating that Plaintiff was pre-approved or "matched" with a particular card, and that her credit score would increase upon applying. The subject line of these e-mails included the following:

"Your score could change +27 points!"

"Strengthen your credit usage with this personal loan!"

*"Hey Hey Jamila, Congrats! You have a match!"*

*"Congratulations! You have fresh approval odds, Jamila!"*

20. The emailed advertisements facially purported to "match" Jamila for credit cards or personal loans for which she was pre-approved, which would increase her credit score upon application.

21. Upon receiving these false advertisements, and in reliance on them, Plaintiff did in fact apply for two of the credit cards that she was guaranteed pre-approval on, to increase her credit score, as promised.

22. Plaintiff was denied approval for both credit cards that Defendant had advertised and "matched" her for pre-approval. These credit denials subsequently caused Plaintiff's credit score to plummet.

23. Such sales tactics employed on Defendant rely on falsities and tend to mislead and deceive a reasonable consumer.

24. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to contact Defendant such that Defendant could solicit and profit from it's services.

25. Plaintiff reasonably believed and relied upon Defendant's representations in its emailed advertisement.

26. Plaintiff materially changed her position by applying for two separate credit cards on reliance of Defendant's false advertisements.

27. Plaintiff would not have applied for either credit-card if she knew that the above-referenced statements made by Defendant about her pre-approval odds and credit increase guarantees, were false.

28. Had Defendant properly marketed, advertised, and represented that it would not approve Plaintiff for the credit cards she was applying for, and that Plaintiff's credit would plummet as a result of the denials, Plaintiff would not have

applied for either credit card through Defendant's service.

29. Defendant benefited from falsely advertising and representing the costs of its services. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

31. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, were induced by Defendant's emailed advertisement to apply for credit cards or loans through Defendant's service.

32. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

33. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

34. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

35. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

36. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

37. Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would sell services to the Class Members, when in fact, such representations were false.

38. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in sending a emailed advertisement falsely guaranteeing approval and approval odds as well as credit increases to customers, with no intention of ensuring it's accuracy;

    (b) Whether Defendant made misrepresentations with respect to its services;

    (c) Whether Defendant profited from this advertisement;

    (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

    (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (g) The method of calculation and extent of damages for Plaintiff and Class Members.

39. Plaintiff is a member of the class she seeks to represent

40. The claims of Plaintiff are not only typical of all class members, they are identical.

41. All claims of Plaintiff and the class are based on the exact same legal theories.

42. Plaintiff has no interest antagonistic to, or in conflict with, the class.

43. Plaintiff is qualified to, and will, fairly and adequately protect the

interests of each Class Member, because Plaintiff was induced by Defendant's advertisement during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

44. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

45. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

46. Plaintiff incorporates by reference each allegation set forth above.

47. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

48. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

49. Defendant misled consumers by making misrepresentations and untrue statements about the price of its services, namely, Defendant made consumers believe that they could obtain its services for the prices listed in its

mailed advertisement even though this was not the case.

50. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

51. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact. Plaintiff reasonably relied upon Defendant's representations regarding the guarantees stated in its emailed advertisement. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members applied for credit cards or loans through Defendant's services, but instead were denied.

52. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

53. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees.

54. Defendant knew that they would not provide Plaintiff and Class Members with the prices for its services offered in the mailed advertisement.

55. Thus, Defendant knowingly lied to Plaintiff and other putative class members in order to induce them to purchase services from Defendant.

56. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled

to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

57. Plaintiff incorporates by reference each allegation set forth above.

58. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

59. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the

conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

60. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

61. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

62. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that they would be approved for credit/loan and would benefit from the credit increase advertised in the emailed advertisement, in order to induce them to apply for credit and/or loans through Defendant's services, thus benefitting Defendant. In fact, Defendant knew that they had no intention of providing the advertised guarantees and thus unfairly profited. Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

63. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely guaranteed pre-approval odds and credit increases, consumers changed their position by applying for credit and/or loans through Defendant, thus causing them to suffer injury in fact when they were denied. Defendant failed to take reasonable steps to inform Plaintiff and class members that the advertisement

was false. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

64. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

65. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

66. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

67. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant did not provide Plaintiff the preapproval or the credit increased guaranteed and advertised in its emailed advertisement. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

68. As explained above, Defendant deceived Plaintiff and other Class Members by representing the price of the ticket.

69. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

70. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

71. As explained above, Defendant deceived Plaintiff and other Class Members by falsely guaranteeing pre-approval odds and credit increases.

72. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to call Defendant, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented these promised guarantees, Plaintiff and Class Members would not have applied for credit through Defendant's services, and would not have suffered economic harm in the result of a denial and credit decrease. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

73. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

74. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## THIRD CAUSE OF ACTION
**Violation of Consumer Legal Remedies Act**
**(Cal. Civ. Code § 1750 *et seq*.)**

75. Plaintiff incorporate by reference each allegation set forth above

herein.

76. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

  a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

  b. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9); and

  c. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14).

77. On or about June 30, 2020, through their Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. Defendant has refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## MISCELLANEOUS

78. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

79. Plaintiff requests a trial by jury as to all claims so triable.

PLAINTIFF'S FIRST AMENDED COMPLAINT

# PRAYER FOR RELIEF

80. Plaintiff, on behalf of herself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable from being induced to call Defendant under false pretenses;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: September 15, 2020	Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff Jamila Springs